# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES EVERETT SHELTON,**

    **Plaintiff,**

**v.**                                                        **Case No:   6:18-cv-1335-Orl-41KRS**

**CSG SOLUTIONS CONSULTING LLC,
CSG SOLUTIONS SERVICES LLC,
VINCENT CAMPASANO, SR. , CARLOS
SINENCIO GUERRERO and CARLOS D.
GUERRERO,**

    **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PER RULE 55(B)(2)   (Doc. No. 29)**
>
> **FILED:**      **November 27, 2018**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On August 15, 2018, Plaintiff James Everett Shelton, appearing *pro se*, filed a complaint against Defendants CSG Solutions Consulting LLC; CSG Solutions Services LLC; Carlos D. Guerrero; Carlos Sinencio Guerrero; and Vincent Campasano.  Doc. No. 1.  Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as its implementing regulations, 47 C.F.R. § 64.1200(d), by engaging in unlawful telephone solicitations.  Doc. No. 1, at 2.  Defendants failed to answer or otherwise respond to the complaint,

and Plaintiff obtained a Clerk's default against each Defendant. Doc. Nos. 20–23, 28. Plaintiff now moves for entry of a default judgment against each Defendant. Doc. No. 29. However, the motion is deficient in several respects.

First, before corporate officers may be held personally liable under the TCPA, they must have had direct, personal participation in the conduct that violated the TCPA or knowingly authorized such conduct. *See, e.g.*, *Physicians Healthsource, Inc. v. Doctor Diabetic Supply, LLC*, No. 12-22330-CIV, 2015 WL 3644598, at *3 (S.D. Fla. June 10, 2015). In several portions of the complaint, Plaintiff refers simply to "Guerrero" and does not specify whether he is making allegations against Defendant Carlos D. Guerrero or Defendant Carlos Sinencio Guerrero. *See, e.g.*, Doc. No. 1, at 6–7, 10, 12–13. Plaintiff's failure to distinguish between Carlos D. Guerrero and Carlos Sinencio Guerrero leaves the Court with insufficient factual allegations to determine which of these individual Defendants supervised and directed employees who violated the TCPA. Thus, as currently pled, the complaint fails to state a claim against either Guerrero Defendant.[1]

In addition, Plaintiff alleges that one of the Guerrero Defendants and Campasano were the "principal owners" of "CSG," directed employees who violated the TCPA, and made the day-to-day decisions for their respective companies. *Id.* at 10, 13. Plaintiff's allegations that the individual Defendants were the principals who oversaw the telemarketing process and the employees of "CSG" are alone insufficient to warrant a finding of personal liability under the TCPA. *See, e.g.*, *Shelton v. Merch. Flow Fin. Corp.*, No. CV-18-11294 (JMV) (SCM), 2018 WL 6839562,

---

[1] A defaulting defendant admits only the well pleaded allegations of the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well pleaded or to admit conclusions of law."). Accordingly, Plaintiff may not rely on his affidavit filed in support of the motion for default judgment to resolve the deficiencies in the complaint.

at *4 (D.N.J. Dec. 31, 2018). Plaintiff fails to point to specific factual allegations in the complaint that state a claim of personal liability as to any of the individual Defendants.

Second, as to the Defendant business entities—CSG Solutions Services, LLC and CSG Solutions Consulting, LLC—Plaintiff's motion for default judgment does not demonstrate how the allegations of the complaint establish that the phone calls in question were made by either of these entities. In the motion, Plaintiff only alleges that "Defendant" committed violations of 47 U.S.C. §§ 227(b)(1)(A) and 227(c). Doc. No. 29, at 8–9.[2] He cites to portions of the complaint that fail to establish a connection between each Defendant business entity and the phone calls at issue. *Id.*; *see* Doc. No. 1 ¶¶ 45, 107 (neither paragraph mentions Defendants), *id.* at 17–18 (a table in the complaint documenting telephone calls to his cellphone but not addressing any connection to Defendants). In addition, Plaintiff alleges that several of the phone calls listed in the table are connected to an entity named Second Choice Horizon, which is not a party to this lawsuit. *E.g.*, *id.* ¶¶ 64–71. Accordingly, a renewed motion for default judgment must establish, with pinpoint citations to the complaint, how the complaint adequately alleges that each Defendant business entity is liable for the phone calls at issue.

Third, even assuming that Plaintiff can sufficiently demonstrate that the phone calls are connected to either of the Defendant business entities, Plaintiff has not demonstrated that joint liability against both entities is proper. Among other problems, there are inconsistencies in the allegations of the complaint. For example, Plaintiff alleges, upon information and belief, that Defendant Campasano and one of the Guerrero Defendants partnered and formed "two *separate* but identical business entities." Doc. No. 1 ¶ 30 (emphasis added). In other portions of the complaint,

---

[2] Citations to the motion for default judgment refer to the pagination assigned by CM/ECF.

Plaintiff refers collectively to the Defendant business entities as the *same* business: "CSG."   *Id.* at 2–3, 10.

If the companies are separate entities, in a renewed motion for default judgment Plaintiff must provide pinpoint citations to the specific paragraphs of the complaint that establish which of the unsolicited phone calls are attributable to which Defendant, either CSG Solutions Services, LLC or CSG Solutions Consulting, LLC.  On the other hand, if Plaintiff seeks to establish that the Defendant business entities are engaged in a joint venture, Plaintiff must provide citations to the specific factual allegations of the complaint that establish the elements of a joint venture.  *See, e.g.*, *Holding Co. of the Villages, Inc. v. Little John's Movers & Storage, Inc.*, No. 5:17-CV-187-OC-34PRL, 2017 WL 6319549, at *7 (M.D. Fla. Dec. 11, 2017) (citations and quotation marks omitted) ("Under Florida law, a joint venture may be created by express or implied contract, and the contractual relationship must consist of the following elements: (1) a common purpose; (2) a joint proprietary interest in the subject matter; (3) the right to share profits and duty to share losses, and (4) joint control or right of control.  Florida courts have interpreted these requirements to preclude a finding that a partnership or joint venture exists where any factor is missing.").   Finally, if Plaintiff seeks to establish that these Defendants are in fact the same entity and can be held liable as such, Plaintiff must provide pinpoint citations to the specific allegations of the complaint establishing that fact.

Fourth, in the complaint, Plaintiff alleges that Defendants violated the implementing regulations of the TCPA—47 C.F.R. §§ 64.1200(d)(1), (d)(3).  Doc. No. 1, at 26–28.  Section 64.1200(d)(1) requires that prior to making telemarketing calls, the telemarketer have a written policy, available on demand, for maintaining a do-not-call list.  Section 64.1200(d)(3) requires the telemarketer to record and honor do-not call requests.   Plaintiff provides no authority holding that

a defendant's failure to provide a do-not-call policy on demand or place a consumer's name on a do-not call list by itself constitutes a violation of these regulations. Instead, courts have interpreted these provisions to find violations if a person or entity places a phone call without first having these procedures in place. *See Hamilton v. Voxeo Corp.*, No. 07-404, 2009 WL 1868542, at *4 (S.D. Ohio June 25, 2009) ("Plaintiff cannot recover for [the defendant's] refusal to send him its do-not-call policy. He can only recover for a call made at a time when [the defendant] did not have such a policy in place."); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (citation omitted), *aff'd*, 686 F. App'x 48 (2d Cir. 2017) ("[I]n order to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on the fact that a provider failed to record or honor an individual's request to be placed on a DNC list. Rather, the plaintiff must establish that the calls he or she received were initiated prior to the implementation of proper procedures."). Accordingly, a renewed motion must address, with citations to legal authority and pinpoint citations to the corresponding allegations of the complaint, how the complaint sufficiently alleges Defendants' liability under 47 C.F.R. §§ 64.1200(d)(1) and (d)(3).

Fifth, in both the complaint and the motion for default judgment, Plaintiff claims that Defendants made 24 phone calls in violation of the TCPA robocall prohibitions and do-not-call policy protections. Doc. No. 1, at 17–18; Doc. No. 29, at 4–5. However, Plaintiff attached to his motion for default judgment a copy of his phone records from T-Mobile. Doc. No. 29-3. Those records document only 21 phone calls corresponding to the allegations of the complaint. *Id.* Plaintiff's motion does not address this discrepancy.

Finally, Plaintiff seeks treble damages under the TCPA. The pertinent provisions of the TCPA provide that a court may, in its discretion, award treble damages for willful or knowing violations. 47 U.S.C. §§ 227(b)(3), (c)(5). In order to be entitled to treble damages in the default

judgment context, the claimant must establish in the complaint that the defendant knew that "he was performing the conduct that violates the statute." *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1108 (11th Cir. 2015). A bare assertion in the complaint that a defendant "willfully" and "knowingly" violated the TCPA is a legal conclusion insufficient to establish this fact for purposes of a default judgment. *Id.* In the motion for default judgment, Plaintiff does not delineate how the factual allegations of the complaint establish that Defendants willfully or knowingly violated the TCPA. Thus, a renewed motion must demonstrate, with pinpoint citations to the complaint, why treble damages are warranted in this case.[3]

Accordingly, it is **ORDERED** that Plaintiff shall file a renewed motion for entry of a default judgment on or before March 5, 2019. The motion must specifically address the issues raised in this Order. Plaintiff is advised that any renewed motion for default judgment must comply with the format requirements set forth in the Local Rules of this Court. *See* Local Rules 1.05(a); 3.01(a).

Alternatively, Plaintiff may file an amended complaint on or before March 5, 2019. If Plaintiff chooses to file an amended complaint, on or before March 15, 2019, he must file evidence that the amended complaint was properly served on each Defendant.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2019.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[3] It is unlikely that, on the current complaint, Plaintiff will be able to establish that treble damages are warranted. "Recent cases have allowed plaintiffs to recover treble damages on default judgments when a defendant places automated calls contrary to a plaintiff's stated request." *Ewton v. Pushpin Holdings, LLC*, No. 8:16-cv-00978-CEH-TBM, 2017 WL 882081, at *4 (M.D. Fla. Mar. 6, 2017) (collecting cases). The only evidence Plaintiff presents that he expressly asked Defendants to no longer contact him occurred in an email on July 31, 2018, when he requested to be placed on Defendants' do-not-call list. Doc. No. 29-2. In the complaint, Plaintiff alleges that Defendants placed automated calls to his cellphone from October 17, 2017 through June 21, 2018. Doc. No. 1, at 17–18; *see also* Doc. No. 29-3. None of these phone calls occurred after Plaintiff alleges that he explicitly requested that Defendants no longer call his cellphone.