# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES EVERETT SHELTON,**

        **Plaintiff,**

**v.**                                                   **Case No:   6:18-cv-1335-Orl-41LRH**

**CSG SOLUTIONS CONSULTING LLC
and CARLOS SINENCIO GUERRERO,**

        **Defendants.**

## ORDER
(And Direction to Clerk of Court)

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANTS CSG SOLUTIONS CONSULTING LLC & CARLOS SINENCIO GUERRERO   (Doc. No. 37)**
>
> **FILED:**     **March 26, 2019**
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.   BACKGROUND.**

On August 15, 2018, Plaintiff James Everett Shelton, appearing *pro se*, filed a complaint against Defendants CSG Solutions Consulting LLC; CSG Solutions Services LLC; Carlos D. Guerrero; Carlos Sinencio Guerrero; and Vincent Campasano.  Doc. No. 1.  Plaintiff alleged that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, as well as its implementing regulations, 47 C.F.R. § 64.1200(d), by engaging in unlawful telephone

solicitations.  Doc. No. 1, at 2.  Defendants failed to answer or otherwise respond to the complaint, and Plaintiff obtained a Clerk's default against each Defendant.  Doc. Nos. 20–23, 28.

Plaintiff subsequently moved for default judgment.  Doc. No. 29.  On February 5, 2019, the Court denied that motion without prejudice, finding the motion deficient in several respects.  Doc. No. 30.  The Court advised Plaintiff that he could file a renewed default judgment, or alternatively, he could file an amended complaint, on or before March 5, 2019.  *Id.* at 6.

On March 1, 2019, Plaintiff filed an amended complaint solely against Defendants CSG Solutions Consulting, LLC, and Carlos Sinencio Guerrero.  Doc. No. 33.[1]  The causes of action against CSG Solutions Consulting, LLC and Carlos Sinencio Guerrero in the amended complaint are the same as those asserted in Plaintiff's initial complaint.  *Compare* Doc. No. 33, *with* Doc. No. 1.[2]

On March 14, 2019, Plaintiff filed affidavits of service in which he avers that he served CSG Solutions Consulting, LLC, and Carlos Sinencio Guerrero with the amended complaint via U.S. Priority Mail on March 8, 2019.  Doc. Nos. 35, 36.  With the affidavits, he included receipts and tracking information for the Priority Mail.  *See id.*  The docket entry for the affidavits notes that no summonses were issued as to the amended complaint.  *Id.*

---

[1] Plaintiff filed a notice of voluntary dismissal as to Defendants CSG Solutions Services LLC, Vincent Campasano, and Carlos D. Guerrero.  Doc. No. 32.

[2] In the initial complaint, Plaintiff asserted causes of action against all Defendants for: (1) negligent violations of the TCPA "robocall" prohibition; (2) knowing/willful violations of the TCPA "robocall" prohibition; (3) negligent violations of the TCPA "sales call/DNC" prohibition; (4) knowing/willful violations of the TCPA "sales/DNC" prohibition; (5) negligent violations of the TCPA "do-not-call-policy" requirement; (6) knowing/willful violations of the TCPA "do-not-call-policy" requirement; (7) negligent violations of the TCPA "do-not-call-list" requirement; (8) knowing/willful violations of the TCPA "do-not-call-list" and requirement.  Doc. No. 1, at 25–28.  He seeks $500 for each negligent violation; $1,500 for each knowing or willful violation, and injunctive relief.  *Id.* at 28.  In the amended complaint, Plaintiff asserts the same causes of action against CSG Solutions Consulting, LLC and Carlos Sinencio Guerrero and seeks the same damages, albeit a different total amount.  Doc. No. 33, at 21–25.

On March 26, 2019, Plaintiff filed a motion for Clerk's defaults against CSG Solutions Consulting, LLC, and Carlos Sinencio Guerrero. Doc. No. 37. Plaintiff's motion is supported by a memorandum of law (Doc. No. 37-1), his declaration in support of the motion (Doc. No. 37-2), a certificate of service for the motion for Clerk's defaults (Doc. No. 37-3), the affidavits of service (Doc. Nos. 37-4, 37-5), a printout of the sunbiz.org page for CSG Solutions Consulting LLC (Doc. No. 37-6), a deposition of Carlos Sinencio Guerrero from an unrelated case (Doc. No. 37-7), and a return of service in an unrelated matter for Carlos Sinencio Guerrero, copies of Carlos Sinencio Guerrero's Florida and Dominican Republic driver's licenses, and a Mailbox Agreement and Application for Delivery of Mail Through Agent (Doc. No. 37-8).

## II.    ANALYSIS.

Federal Rule of Civil Procedure 55(a) provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Before a clerk's default may be entered against a defendant, the Court must determine that the defendant was properly served. *Sabal Trail Transmission, LLC v. 1.81 Acres of Land in Marion Cty. Fla.*, No. 5:16-CV-209-OC-30PRL, 2016 WL 9223814, at *1 (M.D. Fla. Aug. 3, 2016).

Pursuant to Federal Rule of Civil Procedure 5, "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2); *see also Kutrubis v. Bowman*, 550 F. App'x 306, 309 (7th Cir. 2013) ("[A] party seeking to amend its complaint to add a new claim against a party in default must serve the amended pleading along with summons on the defaulted party."). A defendant is in default for purposes of Rule 5(a) when he or she is served with the summons and fails to appear and answer within the time required. *See, e.g.*, *Cutting v.*

*Town of Allenstown*, 936 F.2d 18, 21 (1st Cir. 1991) ("Where defendants, as here, were served with the summons and do not appear and answer within the required period, they are 'parties in default' for Rule 5(a) purposes.").

Here, the Court determined that service of the initial complaint on all Defendants was proper. Doc. Nos. 19, 27. Clerk's defaults were entered against all Defendants. Doc. Nos. 20–23, 28. Plaintiff subsequently filed an amended complaint, but the amended complaint contains no new claims for relief against Defendants CSG Solutions Consulting, LLC or Carlos Sinencio Guerrero. Although Plaintiff did not serve the amended complaint pursuant to Fed. R. Civ. P. 4, he mailed copies of the amended complaint to both CSG Solutions Consulting, LLC and Carlos Sinencio Guerrero.

Thus, because Clerk's defaults were previously entered against CSG Solutions Consulting, LLC and Carlos Sinencio Guerrero, and the amended complaint contains no new claims against these Defendants, Plaintiff was not required to serve new summonses or the amended complaint on either CSG Solutions Consulting, LLC or Carlos Sinencio Guerrero. "Where changes made in an amended complaint are not substantial, the requirement of [Rule 5(a)(2)] that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 20 (D.D.C. 2008) (internal quotations omitted); *see also Poitevint v. Dynamic Recovery Servs., Inc.*, No. 3:10-CV-700-J-12TEM, 2011 WL 201493, at *2 (M.D. Fla. Jan. 20, 2011) (citation omitted) ("Since Defendant Dynamic was in default when the amended complaint was filed, Plaintiff was not required to serve the amended complaint upon it since it does not assert new claims against Defendant Dynamic.").

Plaintiff filed the amended complaint on March 1, 2019. Doc. No. 33. Plaintiff submitted documentation that CSG Solutions Consulting, LLC, and Carlos Sinencio Guerrero received the

amended complaint via U.S. Priority Mail on March 8, 2019.  Doc. Nos. 35, 36.  Defendants had fourteen days to answer or otherwise respond to the amended complaint.   Fed. R. Civ. P. 15(a)(3).  They have failed to do so.  Accordingly, Plaintiff is entitled to Clerk's defaults against CSG Solutions Consulting, LLC, and Carlos Sinencio Guerrero.

**III.    CONCLUSION.**

Based on the foregoing, it is **ORDERED** that Plaintiffs' Motion for Entry of Default Against Defendants CSG Solutions Consulting LLC & Carlos Sinencio Guerrero (Doc. No. 37) is **GRANTED**.  The Clerk of Court is **DIRECTED** to enter Clerk's defaults against Defendants Carlos Sinencio Guerrero and CSG Solutions Consulting LLC.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties