FILED

James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com
*Plaintiff, Pro Se*

2019 JUN 27 PM 2: 35

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| JAMES EVERETT SHELTON | : No. 6:18-cv-1335-Orl-41LRH |
| Plaintiff | : |
| v. | : |
| CSG SOLUTIONS CONSULTING LLC, & | : |
| CARLOS SINENCIO GUERRERO | : |
| Defendants | : |

## NOTICE OF RECEIVERSHIP & STAY OF THIS ACTION AGAINST DEFENDANT CARLOS SINENCIO GUERRERO:

Plaintiff James Everett Shelton hereby provides notice to the Court that the Federal Trade

Commission ("FTC") commenced an action against Carlos Sinencio Guerrero and other entities

in the United States District Court for the Middle District of Florida, Orlando Division on June 3,

2019, case number 19-cv-1028-Orl-40LRH. On June 3, 2019, U.S. District Court Judge Paul G.

Byron signed a Temporary Restraining Order ("TRO") with Asset Freeze and Appointment of a

Receiver. A copy of the TRO is attached. The TRO appointed a Receiver, Mark J. Bernet, Esq.,

Akerman LLP, 401 E. Jackson St #1700, Tampa, FL 33602.

Heading XIX, paragraph B of the TRO enjoins all parties from commencing, prosecuting,

or continuing a judicial proceeding against the Receivership Entities, which includes Carlos

Sinencio Guerrero. Therefore, the continuation of this action, including the court's ruling on

Plaintiff's pending Motion for Default Judgment as to Defendant Carlos Sinencio Guerrero, must

be stayed pending disposition of the FTC's action against Carlos Sinencio Guerrero. Plaintiff

will notify the Court when relief from the TRO's stay is granted or at such time when the stay is

otherwise lifted. Defendant CSG Solutions Consulting LLC is not named as a Receivership

Entity and thus, this action may continue against Defendant CSG Solutions Consulting LLC.

Respectfully Submitted,

Dated: 6/25/2019

*James E. Shelton*

James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com
*Plaintiff, Pro Se*

James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com
*Plaintiff, Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JAMES EVERETT SHELTON
      Plaintiff

    v.

CSG SOLUTIONS CONSULTING LLC, &
CARLOS SINENCIO GUERRERO
      Defendants

No. 6:18-cv-1335-Orl-41LRH

## CERTIFICATE OF SERVICE:

    I, James Everett Shelton, do hereby certify that I served a true and correct copy of the foregoing via U.S. First Class Mail to:

Mark J. Bernet, Esq.,
Akerman LLP,
401 E. Jackson St #1700,
Tampa, FL 33602
*Receiver*

Respectfully Submitted,

*James E. Shelton*

Dated: 6/25/2019

James Everett Shelton
316 Covered Bridge Road
King of Prussia, PA 19406
(484) 626-3942
jeshelton595@gmail.com
*Plaintiff, Pro Se*

FILED

2019 JUN -4   AM 11: 09

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DISTRICT COURT
MIDDLE DISTRICT OF FL
ORLANDO FLORIDA

---

FEDERAL TRADE COMMISSION,

        Plaintiff,

    v.

FIRST CHOICE HORIZON LLC, a Florida
limited liability company,

FIRST SOUTHERN TRUST LLC, a Florida
limited liability company,

FIRST UNITED MUTUAL LLC, a Florida
limited liability company,

PREMIER UNION TRUST LLC, also dba
SECOND CHOICE HORIZON, a Florida limited
liability company,

SOUTH PREMIER TRUST LLC, a Florida
limited liability company,

SUNCOAST MUTUAL LLC, a Florida limited
liability company,

RAYMOND GONZALEZ, individually and as a
member, manager, or owner of FIRST CHOICE
HORIZON LLC,

CARLOS S. GUERRERO, a/k/a Carlos Sinencio
Guerrero, also dba CSG SOLUTIONS,
individually, and as an officer, member, manager,
or owner of FIRST CHOICE HORIZON LLC
and FIRST UNITED MUTUAL LLC, and

JOSHUA HERNANDEZ, individually, and as a
member, manager, or owner of SOUTH
PREMIER TRUST LLC,

        Defendants.

Case No. 19-cv-1028-40LRH

**[FILED UNDER SEAL]**

---

1

S-12

## TEMPORARY RESTRAINING ORDER

Plaintiff, the Federal Trade Commission (the "FTC"), has filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and has moved, pursuant to Federal Rule of Civil Procedure 65(b), for a temporary restraining order, asset freeze, appointment of a temporary receiver, other equitable relief, and an order to show cause why a preliminary injunction should not issue against First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust LLC, South Premier Trust LLC, and Suncoast Mutual LLC, Carlos S. Guerrero, Raymond Gonzalez, and Joshua Hernandez.

The Court, having considered the Complaint, the *ex parte* Motion for a Temporary Restraining Order, and all declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, **GRANTS** the FTC's Motion for a Temporary Restraining Order and **FINDS** and **ORDERS** as follows:

### FINDINGS

A.      The Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      In numerous instances, Defendants have engaged in deceptive or unfair acts or practices in connection with the marketing, promotion, offering for sale, or sale of their credit card interest rate reduction service ("Defendants' service" or the "service") in violation of

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.

      C.      There is good cause to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that the FTC is therefore likely to prevail on the merits of this action. As demonstrated by the numerous consumer declarations, and the declarations of an FTC investigator, an FTC forensic accountant, the Better Business Bureau, and a credit card industry expert, the FTC has established a likelihood of success in showing that, since at least May 2016:

      1.    Defendants have engaged in an illegal telemarketing scheme to sell their service to financially distressed consumers;

      2.    Defendants induce the sale of their service by making numerous material misrepresentations, including, but not limited to, that Defendants will lower consumers' credit card interest rates permanently to zero percent until their debt is paid off and save the consumers thousands of dollars on their credit card debt;

      3.    Defendants have applied for one or more credit cards for consumers without the consumers' knowledge, authorization, or express informed consent.

      D.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act and the TSR unless Defendants are restrained and enjoined by order of this Court.

3

E.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including monetary restitution, rescission, disgorgement or refunds – will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b) and Local Rule 4.05, the interests of justice require that this Order be granted without prior notice to Defendants.  Thus, there is good cause for relieving Plaintiff of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

F.      Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, permitting the Plaintiff and the Receiver immediate access to the Defendants' business premises, and permitting the Plaintiff and the Receiver to take expedited discovery.

G.      Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, expedited discovery, and other equitable relief is in the public interest.

H.      This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

I.      No security is required of any agency of the United States for issuance of a temporary restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

A.     **"Asset"** means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held.

B.     **"Corporate Defendant(s)"** means First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust LLC, South Premier Trust LLC, and Suncoast Mutual LLC, and each of their subsidiaries, affiliates, successors, and assigns.

C.     **"Debt Relief Product or Service"** means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation between a consumer and one or more creditors or debt collectors, including a reduction in the balance, interest rate, or fees owed by a consumer to a creditor or debt collector.

D.     **"Defendant(s)"** means the Corporate Defendants, Carlos S. Guerrero, Raymond Gonzalez, and Joshua Hernandez, individually, collectively, or in any combination.

E.     **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote

servers or cloud computing systems, and other data or data compilations from which

information can be obtained directly or, if necessary, after translation into a reasonably

usable form.  A draft or non-identical copy is a separate document within the meaning of the

term.

       F.      **"Electronic Data Host"** means any person or entity in the business of storing,

hosting, or otherwise maintaining electronically stored information. This includes, but is not

limited to, any entity hosting a website or server, and any entity providing "cloud based"

electronic storage.

       G.      **"Individual Defendant(s)"** means Carlos S. Guerrero, Raymond Gonzalez,

and Joshua Hernandez, individually, collectively, or in any combination.

       H.      **"National Do Not Call Registry"** means the registry of telephone numbers

maintained by the FTC, pursuant to Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. §

310.4(b)(1)(iii)(B), of persons who do not wish to receive Outbound Telephone Calls to

induce the purchase of goods or services.

       I.      **"Outbound Telephone Call"** means a telephone call initiated by a

Telemarketer to induce the purchase of goods or services or to solicit a charitable

contribution.

       J.      **"Receiver"** means the temporary receiver appointed in Section XIII of this

Order and any deputy receivers that shall be named by the temporary receiver.

       K.      **"Receivership Entities"** means Corporate Defendants as well as any other

entity that has conducted any business related to the marketing, promotion, offering for sale,

or sale of Defendants' credit card interest rate reduction service, including receipt of Assets

derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

      L.     **"Remotely Created Payment Order"** means any payment instruction or order drawn on a person's account that is created by the payee or the payee's agent and deposited into or cleared through the check clearing system. The term includes, without limitation, a "remotely created check." It also includes any check that is not created by the paying bank and that does not bear a signature applied, or purported to be applied, by the person on whose account the check is drawn.

      M.     **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

      N.     **"Telemarketing"** means any plan, program, or campaign that is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## ORDER

## I.    PROHIBITED MISREPRESENTATIONS AND OMISSIONS

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any of the following:

    1.    That consumers who purchased Defendants' service would have their credit card interest rates permanently reduced to zero percent; and

    2.    That consumers who purchased Defendants' service would save thousands of dollars on their credit card debt;

    3.    That consumers have ordered Defendants' service;

    4.    That consumers owe money to Defendants for Defendants' service; and

    5.    Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics;

B.    Representing, or assisting others in representing, expressly or by implication, the benefits, performance, or efficacy of any good or service, unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence to substantiate that the representation is true; and

C.    Failing to disclose, or disclose adequately, the material terms and conditions of Defendants' offer, including that Defendants' service may result in a consumer having to pay a variety of fees to credit card issuers including, among others, balance transfer fees, which can total up to five percent of a consumer's credit card debt.

## II.    PROHIBITED UNFAIR ACTS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are temporarily restrained and enjoined from:

A.    Making any application for a credit card on behalf of any consumers without the consumers' knowledge, authorization, or express informed consent; or

B.    Submitting any application for a credit card on behalf of any consumers if Defendants know or have reason to believe that any information on such application is false or misleading.

## III.    PROHIBITIONS REGARDING TELEMARKETING

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with Telemarketing of any product or service, including any Debt Relief Product or Service, are temporarily restrained and enjoined from:

A.    Initiating, or causing others to initiate, an Outbound Telephone Call:

1.    That misrepresents, directly or by implication, any material aspect of any Debt Relief Product or Service, including, but not limited to, the amount of temporary or permanent credit card interest rate reduction that a consumer may obtain, and the amount of money that a consumer may save by using

9

such service;

2.     That fails to disclose, in a clear and conspicuous manner, that any Debt Relief
       Product or Service might result in a consumer having to pay additional fees to
       a credit card issuer;

3.     To a person whose telephone number is on the National Do Not Call Registry;

4.     That delivers a prerecorded message; or

5.     To a telephone number within a given area code when Defendants have not,
       either directly or through another person, paid the required annual fee for
       access to the telephone numbers within that area code that are included on the
       National Do Not Call Registry;

B.  Violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310,
    including, but not limited to:

1.     Collected or attempting to collect payment for any Debt Relief Product or
       Service, directly or indirectly, without the consumers' express verifiable
       authorization; or

2.     Creating or causing to be created, directly or indirectly, a remotely created
       check as payment for goods or services offered or sold through telemarketing.

**IV.     PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents,
employees, and attorneys, and all other persons in active concert or participation with any of
them, who receive actual notice of this Order, whether acting directly or indirectly, are
hereby temporarily restrained and enjoined from:

10

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## V.   ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

11

1.      owned or controlled, directly or indirectly, by any Defendant;

2.      held, in part or in whole, for the benefit of any Defendant;

3.      in the actual or constructive possession of any Defendant; or

4.      owned or controlled by, in the actual or constructive possession of, or

otherwise held for the benefit of, any corporation, partnership, asset

protection trust, or other entity that is directly or indirectly owned,

managed or controlled by any Defendant.

B.      Opening or causing to be opened any safe deposit boxes, commercial mail

boxes, or storage facilities titled in the name of any Defendant or subject to access by any

Defendant, except as necessary to comply with written requests from the Receiver acting

pursuant to its authority under this Order;

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued

in the name, individually or jointly, of any Corporate Defendant or any corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by any

Defendant or of which any Defendant is an officer, director, member, or manager.  This

includes any corporate bankcard or corporate credit card account for which any Defendant is,

or was on the date that this Order was signed, an authorized signer; or

D.      Cashing any checks or depositing any money orders or cash received from

consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include:  (1) all Assets of Defendants as of

the time this Order is entered; and (2) Assets obtained by Defendants after this Order is

entered if those Assets are derived from any activity that is the subject of the Complaint in

this matter or that is prohibited by this Order.  This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## VI.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been:  owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits or charges made on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities; or

(c) has extended credit to any Defendant, including through a credit card account, shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit an Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.      Provide the FTC's counsel and the Receiver, within three (3) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1.      The identification number of each such account or Asset;

2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3.      The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly,

14

of any Defendant, or is otherwise subject to access by any Defendant; and

D.      Upon the request of the FTC's counsel or the Receiver, promptly provide the FTC's counsel and the Receiver with copies of all records or other Documents pertaining to each account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## VII.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within five (5) days of service of this Order upon them, shall prepare and deliver to the FTC's counsel and the Receiver:

A.      Completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for each Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for each Corporate Defendant; and

B.      Completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for each Individual and Corporate Defendant.

15

## VIII.   FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within five (5) days following the service of this Order, each Defendant shall:

A.      Provide the FTC's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.      Take all steps necessary to provide the FTC's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D.**

C.      Transfer to the territory of the United States and all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for the FTC of the name and location of the financial institution or other entity that is the

16

recipient of such Documents or assets; and (2) serve this Order on any such financial institution or other entity.

## IX.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.   Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

B.   Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## X.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that the FTC may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to the FTC.

## XI.   PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## XII.   REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the FTC's counsel and the Receiver with a written statement disclosing:  (1)

the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XIII.   TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Mark J. Bernet, Esq., is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIV.   DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is immediately empowered, directed, and authorized to accomplish the following:

A.     Assume full control of the Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.     Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.      Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of, the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

F.      Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or

20

necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver.  The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses.  Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities.  Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security.  If requested by the Receiver, the United States

Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to the FTC's representatives, agents, and assistants, as well as Defendants and their representatives;

J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.      Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

22

O.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

Q.      Allow the FTC's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy all books, records, Documents, accounts, and other assets owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access, and access by the FTC's representatives, agents, and assistants shall be allowed as soon as practicable;

R.      Allow, as soon as practicable, the FTC's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.      Suspend business operations of the Receivership Entities if, in the judgment of the Receiver, such operations cannot be continued legally and profitably;

23

U.    File timely reports with the Court at reasonable intervals, or as otherwise directed by the Court;

V.    If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

W.    If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XV.    TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants or Defendants' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or

24

otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities

C.    All Documents of or pertaining to the Receivership Entities;

D.    All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities;

E.    All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.    All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

In the event that any person or entity fails to deliver or transfer any asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may

file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XVI.    PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.    A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.    A list of all agents, employees, officers, attorneys, servants and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.    A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XVII.    COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys, all other persons in active concert or participation with any of them, and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the

26

Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVIII.   NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

27

## XIX.   STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

C.      Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

28

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XX.   COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XXI.   RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Receiver shall file with the Clerk of this Court a bond in the sum of $[_____]with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. 28 U.S.C. § 754. The amount of the bond shall be set at the hearing on preliminary injunction.

## XXII.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      In order to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to the business premises and storage facilities, owned, controlled, or used by the Receivership Entities.  Such locations include, but are not limited to, 3700 Commerce Blvd., Kissimmee, FL 32801, and any offsite location or commercial mailbox used by the Receivership Entities. The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access.

B.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied.  Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

C.      Plaintiff's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

D.      Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

30

E.      If any Documents, computers, or electronic storage devices containing

information related to the business practices or finances of the Receivership Entities are at a

location other than those listed herein, including personal residence(s) of any Defendant,

then, immediately upon receiving notice of this order, Defendants and Receivership Entities

shall produce to the Receiver all such Documents, computers, and electronic storage devices,

along with any codes or passwords needed for access.  In order to prevent the destruction of

computer data, upon service of this Order, any such computers or electronic storage devices

shall be powered down in the normal course of the operating system used on such devices

and shall not be powered up or used until produced for copying and inspection; and

F.      If any communications or records of any Receivership Entity are stored with

an Electronic Data Host, such Entity shall, immediately upon receiving notice of this order,

provide the Receiver with the username, passwords, and any other login credential needed to

access the communications and records, and shall not attempt to access, or cause a third-party

to attempt to access, the communications or records.

## XXIII.    DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of

this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member,

officer, director, employee, agent, independent contractor, client, attorney, spouse,

subsidiary, division, and representative of any Defendant, and shall, within ten (10) days

from the date of entry of this Order, and provide the FTC and the Receiver with a sworn

statement that this provision of the Order has been satisfied, which statement shall include

the names, physical addresses, phone number, and email addresses of each such person or

entity who received a copy of the Order.  Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIV.   EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 34, and 45, Plaintiff and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering:  (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order.  The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions.  The limitations and conditions set forth in Rules 30(a)(2)(B) and 31(a)(2)(B) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section.  Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) and depositions may be taken by telephone or other remote electronic means;

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require response within five (5) days after Plaintiff serves such interrogatories;

D.      The Plaintiff and the Receiver may serve subpoenas upon non-parties that direct production or inspection within five (5) days of service.

E.      Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.  The expedited discovery permitted by this Section does not require a meeting or conference of the parties, pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G.      The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXV.    SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic

messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of

Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant

or any person (including any financial institution) that may have possession, custody or

control of any Asset or Document of any Defendant, or that may be subject to any provision

of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure.  For purposes

of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall

effect service upon the entire entity.

### XXVI.    CORRESPONDENCE AND SERVICE ON THE FTC

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on the FTC shall be addressed to:

> Barbara E. Bolton (bbolton@ftc.gov)
> Michael A. Boutros (mboutros@ftc.gov)
> Federal Trade Commission
> 225 Peachtree Street, N.E., Suite 1500
> Atlanta, GA 30303
> (404) 656-1362 (Bolton phone)
> (404) 656-1351 (Boutros phone)
> (404) 656-1379 (fax)  .

### XXVII.    PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), Defendants

shall appear before this Court on the **18th day of June, 2019, at 10:00 a.m.,** at the United

States Courthouse, Courtroom 4B, Orlando, Florida, to show cause, if there is any, why this

Court should not enter a preliminary injunction, pending final ruling on the Complaint

against Defendants, enjoining the violations of the law alleged in the Complaint, continuing

the freeze of their Assets, continuing the receivership, and imposing such additional relief as

may be appropriate.

34

## XXVIII.   BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.      Defendants shall file with the Court and serve on Plaintiff's counsel any answering pleadings, affidavits, motions, expert reports or declarations, or legal memoranda no later than four (4) days prior to the order to show cause hearing scheduled pursuant to this Order.  Plaintiff may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1) day prior to the order to show Cause hearing.  Provided that such affidavits, pleadings, motions, expert reports, declarations, legal memoranda or oppositions must be served by personal or overnight delivery, facsimile or email, and be received by the other party or parties no later than 5:00 p.m. (EST) on the appropriate dates set forth in this Section.

B.      An evidentiary hearing on Plaintiff's request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.  The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties.  Live testimony shall be heard only on further order of this Court.  Any motion to permit such testimony shall be filed with the Court and served on counsel for the other parties at least five (5) days prior to the preliminary injunction hearing in this matter.  Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.  Any papers opposing a timely

motion to present live testimony or to present live testimony in response to another party's

timely motion to present live testimony shall be filed with this Court and served on the other

parties at least three (3) days prior to the order to show cause hearing.

Provided, however, that service shall be performed by personal or overnight delivery,

facsimile or email, and Documents shall be delivered so that they shall be received by the

other parties no later than 5:00 p.m. (EST) on the appropriate dates provided in this Section.

## XXIX.    DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that this Order shall expire fourteen (14) days from

the date of entry noted below, unless within such time, the Order is extended for an

additional period pursuant to Fed. R. Civ. P. 65(b)(2).

## XXX.    RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter

for all purposes.

## XXXI.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order with Asset Freeze,
    Appointment of a Receiver, Other Equitable Relief, and an Order to Show Cause
    Why a Preliminary Injunction Should Not Issue is **GRANTED.**

**DONE AND ORDERED** in Orlando, Florida on June 4, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record