# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAMES EVERETT SHELTON,**

    **Plaintiff,**

**v.**                                            **Case No:   6:18-cv-1335-Orl-41LRH**

**CSG SOLUTIONS CONSULTING LLC
and CARLOS SINENCIO GUERRERO,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**     **NOTICE OF RECEIVERSHIP & STAY OF THIS ACTION AGAINST DEFENDANT CARLOS SINENCIO GUERRERO (Doc. No. 42)**
>
> **FILED:**     **June 27, 2019**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

> **MOTION:**     **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PER RULE 55(B)(2) (Doc. No. 40)**
>
> **FILED:**     **April 10, 2019**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND.**

As relevant to the resolution of the above-styled motions, on March 1, 2019, Plaintiff James Everett Shelton filed an amended complaint against Defendants CSG Solutions Consulting LLC and Carlos Sinencio Guerrero.  Doc. No. 33.  He alleges that Defendants collectively violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").  *Id.* at 21–25.  Defendants failed to timely respond to the amended complaint, and Plaintiff obtained Clerk's defaults against them.  Doc. No. 39.  On April 10, 2019, Plaintiff filed a Motion for Default Judgment Per Rule 55(B)(2) against both Defendants.  Doc. No. 40.  That motion remains pending.

On June 27, 2019, Plaintiff filed a Notice of Receivership & Stay of this Action Against Defendant Carlos Sinencio Guerrero.  Doc. No. 42.  The Notice of Receivership addresses another case pending before this Court: *Federal Trade Commission v. First Choice Horizon LLC, et al.*, No. 6:19-cv-1028-Orl-40LRH (M.D. Fla. June 3, 2019) ("the Receivership Case").  In the Receivership Case, the Federal Trade Commission ("FTC") brought suit against several named corporate and individual Defendants, including Carlos S. Guerrero, a/k/a Carlos Sinencio Guerrero, d/b/a CSG Solutions.  *Id.* at Doc. No. 1.  The FTC alleges that the named Defendants violated the Federal Trade Commission Act and the Consumer Fraud and Abuse Prevention Act by engaging in "a telemarketing scheme that defrauds financially distressed and often older adult consumers by selling a bogus credit card interest rate reduction service."  *Id.* at 2.

On June 3, 2019, United States District Judge Byron issued a Temporary Restraining Order ("TRO") against the named Defendants.  *Id.* at Doc. No. 12.  The parties thereafter stipulated to the entry of a preliminary injunction.  *Id.* at Doc. No. 24.  On June 27, 2019, Judge Byron issued

the Stipulated Preliminary Injunction. *Id.* at Doc. No. 28. Both the TRO and the Stipulated Preliminary Injunction provide:

### XIX. STAY OF ACTIONS

[E]xcept by leave of this Court, during the pendency of the receivership ordered herein, Defendants, Defendants' officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, **and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants**, and all others acting for or on behalf of such persons, **are preliminarily enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities**, **including, but not limited to**:

. . . .

B. **Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities**, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations . . . .

*Id.* at Doc. No. 12, at 28; Doc. No. 28, at 27 (emphasis added).

In the Stipulated Preliminary Injunction, "Receivership Entities" are defined as

Corporate Defendants[1] as well as any other entity that has conducted any business related to the marketing, promotion, offering for sale, or sale of Defendants' credit card interest rate reduction service, **including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.**

*Id.* Doc. No. 28, at 5 (emphasis added). "Assets" are defined as "any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held." *Id.* at 4.

---

[1] "Corporate Defendant(s)" includes First Choice Horizon LLC, First Southern Trust LLC, First United Mutual LLC, Premier Union Trust LLC, South Premier Trust LLC, and Suncoast Mutual LLC, and each of their subsidiaries, affiliates, successors, and assigns. *Federal Trade Commission v. First Choice Horizon LLC, et al.*, No. 6:19-cv-1028-Orl-40LRH, Doc. No. 28, at 4 (M.D. Fla. June 27, 2019). The complaint alleges that Carlos Sinencio Guerrero is an officer, member, manager, or owner of First Choice Horizon LLC and First United Mutual LLC. *Id.* at Doc. No. 1, at 1.

On June 27, 2019, Plaintiff filed a motion to stay the instant case against Defendant Carlos Sinencio Guerrero due to the Receivership Case.  Doc. No. 42.  However, he states that because Defendant CSG Solutions Consulting LLC is not named as a Receivership Entity, the action and, in particular, the motion for default judgment, may proceed against Defendant CSG Solutions Consulting LLC.  *Id.*

The motion for default judgment and the motion to stay this action due to the Receivership Case were referred to the undersigned, and the matter is ripe for review.

**II.    ANALYSIS.**

Based on the Stipulated Preliminary Injunction entered in the Receivership Case, I respectfully recommend that the Court stay the instant proceedings against Defendant Carlos Sinencio Guerrero.  Carlos Sinencio Guerrero is a named Defendant in the Receivership Case, and he is specifically included in the definitions of "Defendant(s)" and "Individual Defendant(s)" for purposes of the Order on the Stipulated Preliminary Injunction.  *Federal Trade Commission v. First Choice Horizon LLC, et al.*, No. 6:19-cv-1028-Orl-40LRH, Doc. No. 28, at 4, 5 (M.D. Fla. June 27, 2019).  The Stipulated Preliminary Injunction prohibits proceeding in a lawsuit that could "interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities."  *Id.* at 27.

However, Plaintiff seeks to have this case proceed against Defendant CSG Solutions Consulting LLC.  Doc. No. 42.  Although CSG Solutions Consulting LLC is not a named Defendant in the Receivership case, it is referenced throughout the complaint in that case as a fictitious name under which Defendant Carlos Sinencio Guerrero conducts business.  *See, e.g.*, *Federal Trade Commission v. First Choice Horizon LLC, et al.*, No. 6:19-cv-1028-Orl-40LRH, Doc. No. 1, at 1, 2, 6 (M.D. Fla. June 3, 2019).  In addition, Carlos Sinencio Guerrero was sued by the

FTC in his individual capacity as "Carlos S. Guerrero . . dba CSG Solutions." *Id.* at 1. The FTC alleges that Carlos Sinencio Guerrero and the other named Defendants engaged in a telemarketing scheme to defraud consumers through the Corporate Defendants. *Id.* at 3. The FTC alleges that that most recently, through companies named CSG Solutions and Second Choice Horizons, LLC, the Defendants engage in deceptive practices through the use of robocalls. *Id.* at 2–3. Accordingly, it would appear that a stay of the proceedings against CSG Solutions Consulting LLC would also be proper.

Moreover, in this case, Plaintiff asserts common allegations against both Defendants, he asserts the same causes of action against both Defendants, and he requests the same relief against both Defendants. Doc. No. 33.[2] Plaintiff has provided no authority to suggest that proceeding in this case solely against CSG Solutions Consulting LLC is proper. Under these circumstances, I recommend that the Court find that the case should be stayed in its entirety and administratively closed until disposition of the Receivership Case, or until the Court otherwise grants relief from the stay.[3] *See Patriot Underwriters, Inc. v. Select Peo, Inc.*, No. 12-CV-61546, 2013 WL 12154551, at *1 (S.D. Fla. June 6, 2013) ("The Court has the inherent authority to issue a stay to control the disposition of its docket to economize the time and effort of both the Court and the litigants." (citing *Connor v. Sec'y, Fla. Dept. of Corrs.*, 713 F.3d 609, 623 (11th Cir. 2013); *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936))); *Comprehensive Health Care Sys. of Palm Beaches, Inc. v. M3 USA Corp.*, No. 16-CV-80967, 2017 WL 4868185, at *1 (S.D. Fla. Oct. 6, 2017) (noting that a court

---

[2] Furthermore, Carlos Guerrero is the registered Agent of CSG Solutions Consulting LLC, and he is a manager of the entity. *Available at* http://search.sunbiz.org/Inquiry/CorporationSearch/ByName, then enter "CSG Solutions Consulting LLC" into the Entity Name field.

[3] "[A]n administrative closing has no effect other than to remove a case from the court's active docket . . . . Designating a case 'closed' does not prevent the court from reactivating a case either of its own accord or at the request of the parties." *Fla. Ass'n for Retarded Citizens, Inc. v. Bush*, 246 F.3d 1296, 1298 (11th Cir. 2001).

may issue a stay to "promote judicial economy, reduce confusion and prejudice, and prevent possible inconsistent resolutions").

Based on the recommendation to issue a stay of this matter and to administratively close the case pending a lift of the stay in the Receivership Case, I further recommend that the Court deny Plaintiff's Motion for Default Judgment Per Rule 55(B)(2) (Doc. No. 40) without prejudice to refiling the motion after the case is reopened.

### III. RECOMMENDATION.

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff's request to stay this action against Defendant Carlos Sinencio Guerrero (Doc. No. 42);

2. **STAY** the case in its entirety in light of the Receivership Case, *Federal Trade Commission v. First Choice Horizon LLC, et al.*, No. 6:19-cv-1028-Orl-40LRH (M.D. Fla. June 3, 2019);

3. **DENY** Plaintiff's Motion for Default Judgment Per Rule 55(B)(2) (Doc. No. 40), without prejudice to Plaintiff refiling the motion after the case is reopened;

4. **ORDER** the Clerk of Court to administratively close this case pending disposition of the Receivership Case; and

5. **DIRECT** Plaintiff to file a status report regarding the Receivership Case within sixty (60) days following the Court's Order on this Report and Recommendation and every sixty (60) days thereafter.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 3, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy